Alan H. Weinreb, Esq.
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 945-6055
Facsimile: (516) 945-6056
alan@nyfclaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GUSTAVIA HOME, LLC,                                        Civil Action No.:
                                    Plaintiff,

             -against-                                     **VERIFIED COMPLAINT**

JOSE A. PEREZ; NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW YORK
CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY PARKING VIOLATIONS BUREAU;
and JOHN DOE "1" through "12", said persons or parties
having or claimed to have a right, title or interest in the
Mortgaged premises herein, their respective names are
presently unknown to the Plaintiff,
                                    Defendants.
------------------------------------------------------------------------X

Plaintiff, Gustavia Home, LLC (hereinafter, "Plaintiff"), by and through its attorneys, The Margolin & Weinreb Law Group, LLP as and for its Verified Complaint of foreclosure of the premises and mortgage against Defendant Jose A. Perez, New York State Department of Taxation and Finance, New York City Environmental Control Board, New York City Transit Adjudication Bureau, New York City Parking Violations Bureau and John Doe "1" through "12" (collectively the "Defendants"), respectfully alleges upon information and belief as follows:

**NATURE OF THE ACTION**

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property commonly known

as 25-42 100th Street, East Elmhurst, New York 11369 known on the Queens County Tax Map as BLOCK: 1373 LOT: 28 in the County of Queens, and State of New York (the "Subject Property"). The Legal Description of the property is annexed hereto as Exhibit "A".

## PARTIES

2. Gustavia Home, LLC is a Florida Limited Liability Company with its usual place of business at 104 SE 8th Ave, Fort Lauderdale, Florida 33301. It is a citizen of the state of Florida.

3. Jose A. Perez, upon information and belief, is a resident and citizen of the State of New York, having an address at 25-42 100th street, East Elmhurst, New York 11369. Jose A. Perez is a necessary party defendant to this action by virtue of the fact that he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the Mortgagor under the Mortgage.

4. The New York State Department of Taxation and Finance is an entity of the city of New York, having an address at 80-02 Kew Gardens Road, Kew Gardens, New York 11415, is a Defendant by way of having filed a lien or judgment against the premises. Upon information and belief, New York State Department of Taxation and Finance is a citizen of the State of New York.

5. The New York City Environmental Control Board is an entity of the city of New York, having an address at 1250 Broadway, 7th Floor, New York, New York 10001, is a Defendant by way of having filed a lien or judgment against the premises. Upon information and belief, The New York City Environmental Control Board is a citizen of the State of New York.

6. The New York City Transit Adjudication Bureau is an entity of the city of New York, having an address at W.A. Harriman Campus, Building 9, Albany, New York 12227. It is a

Defendant by way of having filed a lien or judgment against the premises. Upon information and belief, New York City Transit Adjudication Bureau is a citizen of the State of New York.

7. The New York City Parking Violations Bureau is an entity of the city of New York, having an address at 100 Church Street, New York, NY 10007, is a Defendant by way of having filed a lien or judgment against the premises. Upon information and belief, The New York City Parking Violations Bureau is a citizen of the State of New York.

8. Upon information and belief, the John Doe Defendants are persons, parties, corporations or other entities, if any who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including partnership interests, in and to any judgment or liens upon the Subject Property.

9. Each of the above-named defendants has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

10. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

11. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Subject Property is located in this district.

## FACTUAL BACKGROUND

12. This action is brought to foreclose a mortgage made by Jose A. Perez set out as follows: Mortgage bearing date the 9th day of December, 2005 made by Jose A. Perez to New Century Mortgage Corporation to secure the sum of $84,000.00 and interest, recorded in CRFN: 2006000003307 in the Office of the Register of the City of New York in the County of Queens on January 4, 2006. Said lien covers premises known as 25-42 100th Street, East Elmhurst, New York 11369. A copy of the Mortgage is annexed as Exhibit "B".

13. On December 9, 2005, Jose A. Perez executed and delivered a Note to New Century Mortgage Corporation in the amount of $84,000.00. A copy of the Note with endorsements is annexed as Exhibit "C".

14. Said Mortgage and Note were assigned through Mesne Assignments of Mortgages and endorsements upon the promissory Note to the Plaintiff, Gustavia Home, LLC. The Assignment of Mortgage into the Plaintiff, Gustavia Home, LLC is dated December 27, 2015, and was recorded on January 11, 2016 in the Office of the Register of the City of New York in Queens County in CRFN: 2016000008778. Said chain of assignments is incorporated herein by reference to that chain as set out herein as Exhibit "D". Each Assignment of Mortgage is further annexed hereto as Exhibit "D".

15. Any applicable recording tax was duly paid at the time of recording said mentioned mortgage.

16. Plaintiff is in physical possession and is the owner and holder of said original Note and Mortgage.

17. Jose A. Perez has failed to comply with the terms and provisions of the said Mortgage and said instrument(s) secured by the Mortgage, by failing to make the Monthly Payments due on the first (1st) day of December 1, 2008 and the default continues to date.

18. Plaintiff has complied with the contractual provisions in the loan documents in that a 30-day notice to cure was issued on October 7, 2015 (the "Default Notice") advising of possible acceleration of the loan and that by virtue of his continuing default under the Note and Mortgage, if the arrears are not cured, Plaintiff may declare that the outstanding principal balance due under the Note, together with all accrued interest thereon, is immediately due and payable. The 90-day notice provided by RPAPL 1304(1) was issued on October 28, 2015. Plaintiff has complied with the registration requirements of RPAPL 1306(1). Copies of the Default Notice and 90-day notice with proof of mailing and registration are annexed hereto as Exhibit "E".

19. Pursuant to RPAPL Section 1302 as amended, the Plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so.

20. As of the date herein, Jose A. Perez has failed to respond to the Default Notices.

21. Due to the above-described default, Defendant Jose A. Perez is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

   a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of September 1, 2015 amounts to $149,966.66 (One Hundred Forty Nine Thousand Nine Hundred Sixty Six Dollars and Sixty Six Cents);

  b. Attorney's fees and other costs and disbursements, payable to Gustavia Home, LLC under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

  c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

22. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

  a. Any state of facts that an inspection of the premises would disclose.

  b. Any state of facts that an accurate survey of the premises would show.

  c. Covenants, restrictions, easements and public utility agreements of record, if any.

  d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

  e. Any right of tenants or person in possession of the subject premises.

  f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

  g. Prior lien(s) of record, if any.

23. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

24. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

25. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

**WHEREFORE**, the Plaintiff demands judgment that the Defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereinfore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that the Defendant Jose A. Perez may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just

and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: February 29, 2016
      Syosset, New York

                                Yours, etc.
                                The Margolin & Weinreb
                                Law Group, LLP
                                Attorneys for Plaintiff

                                By:/s/ Alan H. Weinreb
                                Alan H. Weinreb, Esq.
                                165 Eileen Way, Suite 101
                                Syosset, New York 11791
                                Telephone (516) 945-6055
                                Facsimile (516) 945- 6056
                                alan@nyfclaw.com

## VERIFICATION BY ATTORNEY

**Alan H. Weinreb**, an attorney duly admitted to practice before the courts of this state and associated with the attorneys of record for the plaintiff, affirms under the penalties of perjury that: I have read the foregoing Complaint and the same is true to my own knowledge except as to matters alleged to upon information and belief as to those matters I believe them to be true. The grounds of my belief as to matters not based upon personal knowledge are communications with plaintiff or officers and/or agents of plaintiff and copies of plaintiff's records in my possession. This affirmation is made by me because plaintiff is not in a county in which my firm has its office.

Dated: February 29, 2016
      Syosset, New York

                                /s/ Alan H. Weinreb
                                **Alan H. Weinreb, Esq.**