```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GUSTAVIA HOME, LLC,

                        Plaintiff,                                      MEMORANDUM AND ORDER
                                                                        16-CV-1011
        - against –

JOSE A. PEREZ; NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW YORK
CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY PARKING VIOLATIONS BUREAU;
and JOHN DOE "1" through "12", said persons or parties
having or claimed to have a right, title or interest in the
Mortgaged premises herein, their respective names are
presently unknown to plaintiff,

                        Defendants.
-------------------------------------------------------------------x
```

GLASSER, Senior United States District Judge:

In this action, plaintiff Gustavia Home, LLC ("Gustavia"), is seeking to foreclose on a mortgage made by defendant Jose A. Perez ("Perez") covering premises located at 25-42 100th Street, East Elmhurst, New York 11369 (the "Premises"). Also named in the complaint as defendants are creditors whose liens on the premises, if any, are subject and subordinate to Gustavia's mortgage. Jurisdiction is proper under 28 U.S.C. § 1332.[1] Gustavia's unopposed motion for summary judgment against defendant Perez is currently before the Court. For the foregoing reasons, the motion is GRANTED.

---

[1] Gustavia is a Florida LLC with its principal place of business in Florida. Complt. at ¶ 2; ECF 22-7, Plaintiff's Local Rule 56.1 Statement of Undisputed Facts ("56.1 St.") at ¶¶ 1, 2. The defendants are a citizen of New York and New York corporations with their principal places of business in New York. Complt. at ¶¶ 3-7. The amount in controversy exceeds $75,000. Complt. at ¶ 10.

1

**BACKGROUND**

The following facts are undisputed. On December 9, 2005, defendant Perez executed a mortgage on the Premises (the "Mortgage"). ECF 22-1, Affidavit of Jared Dotoli ("Dotoli Aff.") at ¶ 3; see also ECF 1, Complaint ("Complt."), at ¶ 12 (attached with exhibits to the Dotoli Aff. at Ex. A). The Mortgage was recorded in the Office of the Registrar of the City of New York, County of Queens, on January 4, 2006. Dotoli Aff. at ¶ 3. Perez issued the Mortgage to the New Century Mortgage Corporation to secure a December 9, 2005 note for $84,000 (the "Note"). 56.1 St. at ¶ 3; Dotoli Aff. at ¶ 3; Complt. at Ex. C. The Mortgage and Note were assigned to Gustavia on December 27, 2015. 56.1 St. at ¶ 4; Dotoli Aff. at ¶ 4. The assignment was recorded in the Office of the Registrar of the City of New York, County of Queens, on January 11, 2016. Id. at ¶ 4; Complt at Ex. D.

The Note required Perez to make monthly payments in the amount of $780.97 until January 1, 2036, the maturity date. Id. at Ex. C. If Perez failed to make a payment by the fifteenth day of the month, and if the note holder met certain notice requirements, Perez could be immediately liable for the entire unpaid balance of indebtedness. Id. On December 1, 2008, Perez ceased to make payments due on the Note, and has failed to make payments since. Dotoli Aff. at ¶ 7. In writing on October 7, 2015, Gustavia notified Perez that his failure to cure the arrears within 30 days would result in Gustavia declaring the outstanding principal balance, and accrued interest thereon, immediately due. Id. at ¶ 10; 56.1 St. at ¶ 5; Complt. at Ex. E. On October 28, 2015, Gustavia sent the required N.Y. Real Prop. Acts. Law § 1304 notice, and waited the minimum 90 days required to initiate legal proceedings. Id.; Dotoli Aff. at ¶ 11. Gustavia commenced this action on March 1, 2016, seeking (1) the unpaid principal, accrued interest, and late charges under the Note, totaling $149,966.66 as of September 1, 2015, and (2)

2

attorney's and other fees.  Complt at ¶ 21; 56.1 St. at ¶ 11; Dotoli Aff. at ¶ 13.  Perez, appearing *pro se*, answered the Complaint on July 16, 2016.  ECF 16, Answer ("Ans.").[2]

On November 1, 2016, Gustavia moved for summary judgment, to which it attached the required Local Civil Rule 56.2 Notice to Pro Se Litigant form.  ECF 22, 22-8.[3]  Over the next four months, Magistrate Judge Gold granted Perez numerous extensions of time to retain counsel and oppose the motion, held a number of in-person conferences, and connected Perez with a *pro se* legal assistance group.  ECF Entries dated Nov. 22, 2016, Dec. 19, 2016 and Dec. 22, 2016.  Finally, the Magistrate ordered Perez to submit a letter by March 13, 2017 indicating whether he would oppose this motion and if so, giving him until April 10, 2017 to do so.  ECF 35.  Perez did not submit the required letter by March 13, 2017.  On March 21, 2017, Magistrate Judge Gold recommended that the summary judgment motion be deemed submitted and unopposed.  ECF Entry Dated Mar. 21, 2017.  The motion is now before this Court.

## DISCUSSION

While the Court is sympathetic to Perez's challenges obtaining appropriate legal counsel, it is also mindful that Plaintiff's motion has been held in abeyance for over five months, and that Perez was given ample opportunity to obtain counsel or oppose the motion *pro se*.  He did not pursue the assistance of the *pro se* legal assistance group to which he was referred by Magistrate Judge Gold.  Considering this history, and in the interest of fairness to the Plaintiff, the motion is deemed submitted and unopposed.

---

[2] The other defendants never appeared and the Clerk entered default against them on September 2, 2016.  ECF Entry dated Sept. 2, 2016.

[3] Gustavia has duly and expeditiously served on Perez various relevant documents and orders filed in this case.  ECF 19, 22-9, 27, 34.  Additionally, Magistrate Judge Gold's chambers has regularly mailed minutes and the current docket sheet to Perez.  ECF Entries dated Sept. 20, 2016, Nov. 22, 2016, Dec. 22, 2016, Feb. 7, 2017 and Feb. 27, 2017.  Needless to say, Perez has been kept apprised of the progress of this case and of his rights as a *pro se* litigant.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. § 56(a). A genuine factual issue exists if there is sufficient evidence favoring the nonmovant such that a jury could return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding a motion for summary judgment, the court must construe the facts in the light most favorable to the nonmoving party and resolve all ambiguities and draw all reasonable inferences against the movant. Id. at 255; see also Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assoc., 139 F.Supp.2d 462, 465 (S.D.N.Y. 2001).

Under New York law, summary judgment is appropriate in a mortgage foreclosure action if the note and mortgage are produced, "along with proof that the mortgagor has failed to make payments due under the note." Builders Bank v. Warburton River View Condo LLC, 09-cv-5484, 2011 WL 6370064 at *2 (S.D.N.Y. Dec. 20, 2011); see also Eastern Sav. Bank v. Bowen, 13-CV-3633, 2016 WL 2888997 at *4 (E.D.N.Y. May 17, 2016) (collecting cases). Here, Gustavia has submitted the Note and Mortgage, and has submitted documents proving that the Mortgage was assigned to it. Complt. at Exhs. B, C. Gustavia's principal, Jared Dotoli, submits a sworn affidavit in which he states that "Defendant breached his obligations under the Note . . . by failing to pay the regular monthly payment which came due on December 1, 2008 . . . and all subsequent payments." Dotoli Aff., at ¶ 7. Because Perez failed to tender the required payments, the Note entitles Gustavia to accelerate and demand repayment of the full amount due, plus interest. This evidence is sufficient to establish Gustavia's *prima facie* case.

"Once plaintiff has established its prima facie case by presenting the note, mortgage, and proof of default, the mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the mortgagor." Eastern Sav. Bank, FSB v. Rabito, 11-

4

CV-2501, 2012 WL 3544755 at *5 (E.D.N.Y. Aug. 16, 2012) (quotations and citations omitted); see also Bowen, 2016 WL 2888997 at *4 ("When a plaintiff meets its *prima facie* burden and the defendant does not contest those facts, a presumptive right to collect the overdue amount exists, which can only be overcome by evidence demonstrating the existence of a meritorious affirmative defense.").

Here, the motion is unopposed, and Perez has not offered any evidence to overcome this presumption. The only defenses on the record appear in the Answer's "Defense" section, in which Perez expresses an interest in settling the case and states that he did not know the Mortgage and Note had been assigned to Gustavia. Ans. at p. 3. Even if those defenses were supported by evidence, they are insufficient to overcome Gustavia's *prima facie* case. "[A] mortgagor is bound by the terms of his contract as made and cannot be relieved from his default, if one exists, in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part." Nassau Trust Co. v. Montrose Concrete Prods. Corp., 56 N.Y.2d 175, 1269 (1982) (quotations omitted). Perez has not raised a general issue of material fact or a legitimate affirmative defense to overcome summary judgment.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for summary judgment is granted. Plaintiff is directed to submit supporting documentation and calculations to enable the Court to assess the amount currently due and outstanding. Plaintiff is also directed to submit a proposed judgment, order of foreclosure, and any other papers necessary for their implementation.

5

Finally, Plaintiff is ordered to serve on Perez a copy of this Memorandum and Order, and copies all future documents filed in this case.

  SO ORDERED.

Dated:  Brooklyn, New York
     April 5, 2017

                /s/
               I. Leo Glasser