UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

GUSTAVIA HOME, LLC,

                       Plaintiff,                               MEMORANDUM AND ORDER
                                                                16-CV-1011

      - against -

JOSE A. PEREZ,

                       Defendant.
-------------------------------------------------------x

GLASSER, Senior United States District Judge:

        The Defendant Perez filed a motion pursuant to Fed. R. Civ. P 60(b) seeking to vacate this Court's order granting the Plaintiff's motion for summary judgment, Dkt. 39, on the basis that the Court lacked subject matter jurisdiction over the case. For the reasons stated below, the motion is without merit and, in any event, is not the proper vehicle for challenging the Court's prior order.

        "Diversity of citizenship is determined on the basis of the facts that existed at the time the action was filed." Kissel v. DiMartino, No. CV-92-5660 (CPS), 1993 WL 289430, at *2 (E.D.N.Y. July 20, 1993) (citing Freeport–McMoRan v. K N Energy, Inc., 498 U.S. 426 (1991)). The Plaintiff alleged diversity of citizenship in the Complaint and filed papers in support of its motion for summary judgment that make clear the Plaintiff is a citizen of Florida. This Court relied upon the uncontested allegations in the Complaint and the affidavit of Jared Dotoli, the sole-member of Gustavia Home, LLC. Attached to the affidavit is Gustavia Home, LLC's Operating Agreement, indicating that it was organized under and maintained its office in Florida, and Dotoli's Florida driver's license, which indicates that he resides in Florida.

        This motion pursuant to Fed. R. Civ. P. 60(b) begs the question: What more is the Court to do in determining whether complete diversity exists? Such a question was addressed by Judge

Kocoras in <u>Metro. Life Ins. Co. v. Cammon</u>, No. 88 C 5549, 1990 WL 44687 (N.D. Ill. Apr. 6, 1990), <u>aff'd sub nom.</u> <u>Metro. Life Ins. Co. v. Estate of Cammon</u>, 929 F.2d 1220 (7th Cir. 1991). There, in response to an argument that a prior order should be vacated under Rule 60(b) because subject matter jurisdiction was lacking, the court stated that

> [i]t is unreasonable to expect the Court, without briefing and argument by the parties, to investigate the potential that plaintiff maintained two principal places of business. This is not a typical situation and a court cannot be expected to make an inquiry into potential dual citizenship in each case to which a corporation is party. This is not the type of error that is so readily apparent that the Court could be deemed to have ignored its implication and usurped jurisdiction. Therefore, we conclude that the apparent diversity of citizenship between the parties to this action provided a reasonable basis for jurisdiction.

Id. at *7. In relying on those sworn submissions mentioned above, this Court was plainly not usurping its judicial power to exercise subject matter jurisdiction over the case—there was a reasonable basis for concluding that diversity did, and still does, exist between the parties. <u>See, e.g.</u>, <u>Nemaizer v. Baker</u>, 793 F.2d 58 (2d Cir. 1986).

The proper remedy that should have been sought in this case was a direct appeal on the summary judgment order but the time to file such an appeal has passed. <u>See</u> Fed. R. App. P. 4.

For the foregoing reasons, the Defendant's motion is DENIED.

SO ORDERED

Dated:     Brooklyn, New York
           January 29, 2018


                                    _____/s/_____
                                    I. Leo Glasser
                                    Senior United States District Judge